**EXHIBIT A**

# EXHIBIT A

**EXHIBIT A**

LAW OFFICES
# JEFFREY S. BURG, ESQ.
*Employment Law Attorney and Counselor*
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI  48025

JEFFREY S. BURG

TELEPHONE: 248.227-5027
FACSIMILE: 248.856.1258
JBURG@COMCAST.NET

March 5, 2021

**CE Power of Cincinnati, OH** ✓
**4040 Rev Drive**
**Cincinnati, OH 45232**

**AEP CORPORATE HEADQUARTERS**
**1 Riverside Plaza**
**Columbus, OH, USA  43215-2372**

RE:   summons and complaint
      Nelson v CE Power/AEP

To Whom It May Concern:

Enclosed please find summons and complaint in Nelson v CE Power and AEP.

Very truly yours,

/s/ Jeffrey S. Burg
_____
Jeffrey S. Burg
Attorney for G. Nelson

Enc

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| STATE OF MICHIGAN<br>43rd JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | | CASE NO.<br>21-000080-Ⓒ |

Court address
60296M, 62, Cassopolis, MI 49031

Court telephone no.
(269) 445-4412

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| GREGORY NELSON | v | CE Power of Cincinnati, OH<br>4040 Rev Drive<br>Cincinnati, OH 45232 |

FILED
JAN 19 2021
CASS COUNTY CLERK
MONICA MCMICHAEL

Plaintiff's attorney, bar no., address, and telephone no.
LAW OFFICES JEFFREY S. BURG, ESQ.
Jeffrey S. Burg, Esq. (P38381)
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI 48025
(248) 227-5027 telephone
248-856-1258 fax

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | SUMMONS |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 1-19-2021 | 4-19-2021 | Monica McMichael /EB |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF CASS

GREGORY NELSON,

        Plaintiff.

v.

CE Power of Cincinnati, OH

and

AMERICAN ELECTRIC POWER,

        Defendants.

Honorable Susan L. Dobrich
Case No.: 21-000080-CD

FILED

JAN 1 9 2021

CASS COUNTY CLERK
MONICA MCMICHAEL

---

LAW OFFICES JEFFREY S. BURG, ESQ.
Jeffrey S. Burg, Esq. (P38381)
Attorney for Plaintiff
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI 48025
(248) 227-5027 telephone
248-856-1258 fax
Jburg@comcast.net

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.

## COMPLAINT AND DEMAND FOR JURY

1

Now comes Plaintiff, Gregory Nelson, by his attorney, Law Offices Jeffrey S. Burg, Esq., and for his complaint against Defendants states as follows:

## Jurisdiction and Parties

1. This is an action claiming race discrimination and age discrimination pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

2. Plaintiff is a resident of Illinois.

3. Defendant CE Power of Cincinnati, OH ("CE Power") is a foreign company doing continuous and systematic business in Michigan in Cass County.

4. Defendant American Electric Power ("AEP") is a foreign company doing continuous and systematic business in Michigan in Cass County.

5. The events giving rise to this cause of action occurred in Cass County, Michigan.

6. The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

## Background Facts

7. Plaintiff is African-American and was 54 years old at the time of events in this case.

8. Plaintiff is a degreed and licensed engineer.

9. Defendant CE Power is a contract staffing company that assigns engineers to perform services for its clients.

10. Defendant AEP is an electric utility which provides service to multiple states, including Michigan.

11. Defendant AEP is a client of CE Power.

12. Plaintiff began employment with CE Power, and was assigned to Defendant AEP, in or about June, 2017.

13. At all times pertinent to this Complaint Plaintiff performed his job duties as engineer competently and conducted himself properly according to Defendants' employment policies.

14. In the course of Plaintiff's employment with Defendants, Plaintiff was subjected, by Defendants and their agents, to a hostile atmosphere of racially-motivated comments.

15. In the course of Plaintiff's employment with Defendants, Plaintiff was told by Defendants' management that "younger persons" are better suited for certain assignments.

16. On or about January 19, 2018, Plaintiff was discharged from his employment with Defendants, being told simply that Defendant AEP "did not want [Plaintiff] at [its] site anymore."

17. Plaintiff was the only African-American person, and either the oldest or one of the oldest persons in his work group, and asserts that race and age were factors in the decision to discharge his employment.

18. The reason given by Defendants for their discharge of Plaintiff were false and pretextual for race and age discrimination.

3

19. After discharging Plaintiff, Defendants replaced Plaintiff with a white person substantially younger than Plaintiff.

## Count I – Violation of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq, based on Race

20. Plaintiff repeats and realleges the preceding paragraphs as though fully stated herein.

21. At all material times, Plaintiff was an employee, and Defendants were his employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act MCL 37.2101 et seq.

22. Plaintiff's race was at least one factor that made a difference in Defendants' decision to terminate Plaintiff from his employment.

23. Had Plaintiff been a person of a race different from African-American, he would not have been terminated.

24. Defendants, through their agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition in deciding to terminate and in terminating Plaintiff's employment.

25. Defendants, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated employees in the terms and conditions of employment, based on unlawful consideration of race.

26. The actions of Defendants were intentional, willful, malicious, wanton, and in reckless disregard for Plaintiff's rights and sensibilities.

27. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

PLAINTIFF THEREFORE REQUESTS that this court enter judgment against Defendants as follows:

    a. compensatory damages in whatever amount above $25,000 he is found to be entitled;

    b. exemplary damages in whatever amount above $25,000 he is found to be entitled;

    c. an award of lost wages and the value of fringe benefits, past and future;

    d. an award of interest, costs, and reasonable attorney fees;

    e. an order reinstating Plaintiff to the position he would have held if Defendants had not discriminated against him;

    f. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## Count II – Violation of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq Age Discrimination

28. Plaintiff repeats and realleges the preceding paragraphs as though fully stated herein.

29. Plaintiff's age was at least one factor that made a difference in Defendants' decision to terminate Plaintiff from his employment with Defendants.

30. Had Plaintiff been a younger person, he would not have been terminated.

31. Defendants, through their agents, representatives, and employees, were predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

32. Defendants, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

33. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

34. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

PLAINTIFF REQUESTS that this court enter judgment against Defendants as follows:

    a. compensatory damages in whatever amount above $25,000 he is found to be entitled;

    b. exemplary damages in whatever amount above $25,000 he is found to be entitled;

    c. an award of lost wages and the value of fringe benefits, past and future;

    d. an award of interest, costs, and reasonable attorney fees;

    e. an order reinstating Plaintiff to the position he would have held if Defendants had not discriminated;

    f. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

    g. compensatory damages in whatever amount above $25,000 he is found to be entitled;

    h. exemplary damages in whatever amount above $25,000 he is found to be entitled;

    i. an award of lost wages and the value of fringe benefits, past and future;

    j. an award of interest, costs, and reasonable attorney fees;

    k. an order reinstating Plaintiff to the position he would have held if Defendants had not discriminated against him;

l. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Respectfully submitted,

Law Offices Jeffrey S. Burg, Esq.

/s/ Jeffrey S. Burg

Jeffrey S. Burg (P38381)
Attorney for Plaintiff

Dated: January 19, 2021

## DEMAND FOR JURY

Plaintiff demands a jury in this case.

Respectfully submitted,

Law Offices Jeffrey S. Burg, Esq.

/s/ Jeffrey S. Burg

Jeffrey S. Burg (P38381)
Attorney for Plaintiff

Dated: January 19, 2021

JIS Code: NHR

| STATE OF MICHIGAN | NOTICE OF HEARING WITH REMOTE PARTICIPATION | CASE NO. and JUDGE |
|---|---|---|
| 43rd JUDICIAL DISTRICT / JUDICIAL CIRCUIT / CASS COUNTY | | 21-020-CDO-S  Honorable Susan L. Dobrich |

**Court address**
Law & Courts Building, 60296 M-62, Cassopolis, MI 49031

**Court telephone no.**
(269) 445-4452

| Plaintiff's name, address, and telephone no. | v | Defendant's name, address, and telephone no. |
|---|---|---|
| GREGORY NELSON | | CE POWER OF CINCINNATI OH et al  4040 REV DRIVE  CINCINNATI, OH 45232 |

FILED
MAR 0 9 2021
CASS COUNTY CLERK
MONICA MCMICHAEL

| Plaintiff's attorney, bar no., address, and telephone no. | Defendant's attorney, bar no., address, and telephone no. |
|---|---|
| Jeffrey S. Burg (P38381)  Law Offices Jeffrey S. Burg Esq  16294 W 14 Mile Rd., Ste 24  Beverly Hills, MI 48025-3327  (248) 227-5027 | Pro Per |

In the matter of _____

**TAKE NOTICE:** A hearing will be held on Tuesday, March 30, 2021 at 9:35 a.m.
                                            Date and time
, before Honorable Susan L. Dobrich
        Judge/Referee/Magistrate
using the remote access technology explained below, for the following purpose: Scheduling Conference

Technical instructions for participating in the remote hearing:

Attached please find instructions for connecting to the ZOOM hearing that is scheduled for Tuesday, March 30, 2021 at 9:35 a.m., as well as proper etiquette for the Court hearing. If you have any questions, please contact the Court at the phone number above.

Please confirm that you can participate remotely by e-mailing the court at valeriec@cassco.org
                                                                          E-mail address
or calling the court at (269) 445-4452.
                       Telephone no.

If you require accommodations to use the court because of a disability, or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

General guidelines for participation in a remote court hearing:
- Download and become familiar with the program being used for the hearing, and test the video, microphone, and speaker controls.
- If you are having technical issues, please review any technical support provided by the program or application.
- Find a space that will have as few interruptions as possible. If you will be using video, make sure there is good lighting.
- The remote court hearing is a court proceeding and therefore an extension of the courtroom — appropriate conduct and attire is required. The judge has control over the proceedings and participants as if they were present in the actual courtroom.
- The information on this form to join the hearing may only be used by you to participate in the hearing.

Approved, SCAO
Form MC 506, Rev. 4/20
Page 1 of 1

Distribute form to:
Court
Plaintiff
Defendant
Copies as needed

# ZOOM HEARING INSTRUCTIONS (CIVIL)
**21-020-CD GREGORY NELSON V CE POWER OF CINCINNATI OH ET AL
TUESDAY, MARCH 30, 2021 @ 9:35 A.M. / SCHEDULING CONFERENCE**

**Being in a virtual hearing is the same as being at an in-person hearing—you are required to follow all the same Court rules and policies.**

**If you are unable to participate in the hearing by telephone or Zoom, you must immediately contact Valerie Clark by email at valeriec@cassco.org or by phone at (269)445-4419, and if you are not able to speak directly to her, leave a message with your name and a phone number that you can be reached at.**

### Court Rules and Policies

1. Prior to the hearing, proposed exhibits shall be discussed and exchanged. The exchange of exhibits shall follow the scheduling order.
2. Motions, such as Motions for Summary Disposition, shall follow the Court Rules, regarding attachments and pleadings.
3. Appropriate conduct and attire is required because this is a court hearing.
4. Remote participants must use a private and quiet room that will be free of interruptions.
5. Witnesses may only be in the same room as you during their testimony.
6. You may not record the hearing or take photographs during the hearing.
7. The Court has the right to terminate the proceeding and reschedule the matter to a date where the parties are required to appear in person, if a remote proceeding is not acceptable.
8. The Judge has the same authority to control the proceeding and the participants as if the hearing was occurring in-person in the Court room.
9. **The name of the person participating in the hearing should be set up in Zoom so that the Court knows who is present for the Zoom hearing.**
10. Prior to the hearing, each law firm should email Valerie Clark at valeriec@cassco.org and notify her of the name of the attorney(s) appearing at the Zoom hearing on behalf of the firm.

### Technical Responsibilities of Participants

1. The Court does not provide technical assistance.
2. Test your device and network before the scheduled hearing because the Court does not provide time during the hearing to troubleshoot technical problems. Directions to test your speaker/microphone and video can be found at: https://support.zoom.us/hc/en-us/articles/201362283-Testing-computer-or-device-audio and https://support.zoom.us/hc/en-us/articles/201362313-How-Do-I-Test-My-Video-.
3. If you have technical problems with your equipment or want more information about Zoom, review their training and support materials at their website: https://zoom.us.

*FILED MAR 0 9 2021 CASS COUNTY CLERK MONICA MCMICHAEL*

4. Remote participants should use a good LAN, Wi-Fi, or substantial LTE connection to ensure a quality call. **Note**: Use of a mobile device may incur cellular carrier charges which are the responsibility of the remote participant.

**To Connect to the Remote Hearing Room**
**(Zoom Meeting ID: 970 6791 8656, Password: (031550)**

If using a Windows-based desktop or laptop: Go to the Zoom Website at: htps://zoom.us. Click on "Join a Meeting" in the upper right corner. Enter Meeting ID and click on the blue "Join" button and then enter the Password above.

If using an Apple or Android tablet or phone: Install the Zoom App from the Apple or Android Store prior to the hearing. On the day and time of the hearing, open the Zoom app and join using the Meeting ID and Password above.

If you do not have a computer, smartphone, or tablet, you can call into the meeting using a telephone. To call into the hearing: Call (646)876-9923 or (669)900-6833 and join using the Meeting ID and Password.

\* Once you are connected to the Zoom Meeting Room, you may be placed in a Waiting Room. Please remain available through the Waiting Room until your case is called. Once your case is ready to be called, you will be admitted into the Zoom Meeting Room. This assures the parties in the prior hearing privacy.

2

| STATE OF MICHIGAN | PROOF OF SERVICE AND NOTICE TO APPEAR | CASE NO. |
|---|---|---|
| 43RD JUDICIAL CIRCUIT | | 21-000020-CD |

Mailing Date: 3/31/21

Court Address
CASS COUNTY
LAW & COURTS BUILDING
60296 M-62
CASSOPOLIS MI  49031

**YOU ARE DIRECTED TO APPEAR AT:**
The court address above,
CASS COUNTY FAMILY COURT

HON. SUSAN L. DOBRICH
COURTESY COPY

| Plaintiff | v | Defendant |
|---|---|---|
| GREGORY NELSON | | CE POWER OF CINCINNATI OH |

**FOR THE FOLLOWING PURPOSE:**

EVT 15

1. ON  - TUESDAY       DATE - JUNE 1, 2021         TIME - 9:00AM
   FOR PRE-TRIAL HEARING
       SCHEDULING CONFERENCE (PLEASE HAVE YOUR CALENDAR AVAILABLE)
       (ADJOURNED FROM 3/30/2021)

**CERTIFICATE OF MAILING**

THIS NOTICE HAS BEEN SENT TO:
  JEFFREY S. BURG, 16291 W 14 MILE RD, BEVERLY HILLS
  RICHARD WILLIAM WARREN JR., 150 W JEFFERSON AVE, DETROIT
  BARBARA ANN MOORE, 277 S ROSE ST, KALAMAZOO

PARTY  SENT
P 001  ✓
D 001  ✓
IP001  ✓

I CERTIFY THE ABOVE PARTIES WERE SERVED:
☑ 1.BY ORDINARY MAIL   ☐ 2.PERSONALLY   ☐ 3.BY ATTORNEY MAILBOX   ☑ 4.BY E-MAIL (MCR 2.107(C)(4))

3-31-2021
Date

*Valerie Clark*
Clerk/Assignment Clerk

JIS Code: NHR

| STATE OF MICHIGAN | | | |
|---|---|---|---|
| 43rd | JUDICIAL DISTRICT | NOTICE OF HEARING | CASE NO. and JUDGE |
| CASS | JUDICIAL CIRCUIT COUNTY | WITH REMOTE PARTICIPATION | 21-020-CD-S<br>Honorable Susan L. Dobrich |

**Court address**
Law & Courts Building, 60296 M-62, Cassopolis, MI 49031

**Court telephone no.**
(269) 445-4452

| Plaintiff's name, address, and telephone no.<br>GREGORY NELSON | v | Defendant's name, address, and telephone no.<br>CE POWER OF CINCINNATI OH et al<br>4040 REV DRIVE<br>CINCINNATI, OH 45232 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Jeffrey S. Burg (P38381)<br>Law Offices Jeffrey S. Burg Esq<br>16294 W 14 Mile Rd., Ste 24<br>Beverly Hills, MI 48025-3327<br>(248) 227-5027 | | Defendant's attorney, bar no., address, and telephone no.<br>Richard Warren (P63123)<br>Miller Canfield Paddock & Stone P.L.C.<br>150 W. Jefferson Ave., Ste. 2500<br>Detroit, MI 48226<br>(313) 963-5420 |

In the matter of _____

**TAKE NOTICE:** A hearing will be held on Tuesday, June 1, 2021 at 9:00 a.m. _____, before
_____ Date and time

Honorable Susan L. Dobrich _____ using the remote access technology explained below, for the
Judge/Referee/Magistrate

following purpose: Scheduling Conference (adjourned from 3/30/2021) _____

Technical instructions for participating in the remote hearing:

Attached please find instructions for connecting to the ZOOM hearing that is scheduled for Tuesday, June 1, 2021 at 9:00 a.m., as well as proper etiquette for the Court hearing. If you have any questions, please contact the Court at the phone number above.

Please confirm that you can participate remotely by e-mailing the court at valeriec@cassco.org _____ or
                                                                              E-mail address
calling the court at (269) 445-4452 _____ .
                    Telephone no.

If you require accommodations to use the court because of a disability, or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

General guidelines for participation in a remote court hearing:
- Download and become familiar with the program being used for the hearing, and test the video, microphone, and speaker controls.
- If you are having technical issues, please review any technical support provided by the program or application.
- Find a space that will have as few interruptions as possible. If you will be using video, make sure there is good lighting.
- The remote court hearing is a court proceeding and therefore an extension of the courtroom — appropriate conduct and attire is required. The judge has control over the proceedings and participants as if they were present in the actual courtroom.
- The information on this form to join the hearing may only be used by you to participate in the hearing.

| Approved, SCAO<br>Form MC 506, Rev. 4/20<br>Page 1 of 1 | Distribute form to:<br>Court<br>Plaintiff<br>Defendant<br>Copies as needed |
|---|---|

# ZOOM HEARING INSTRUCTIONS (CIVIL)
**21-020-CD GREGORY NELSON V CE POWER OF CINCINNATI OH ET AL**
**TUESDAY, JUNE 1, 2021 @ 9:00 A.M. / SCHEDULING CONFERENCE (ADJOURNED FROM 3/30/2021)**

**Being in a virtual hearing is the same as being at an in-person hearing—you are required to follow all the same Court rules and policies.**

**If you are unable to participate in the hearing by telephone or Zoom, you must immediately contact Valerie Clark by email at valeriec@cassco.org or by phone at (269)445-4419, and if you are not able to speak directly to her, leave a message with your name and a phone number that you can be reached at.**

**Court Rules and Policies**

1. Prior to the hearing, proposed exhibits shall be discussed and exchanged. The exchange of exhibits shall follow the scheduling order.
2. Motions, such as Motions for Summary Disposition, shall follow the Court Rules, regarding attachments and pleadings.
3. Appropriate conduct and attire is required because this is a court hearing.
4. Remote participants must use a private and quiet room that will be free of interruptions.
5. Witnesses may only be in the same room as you during their testimony.
6. You may not record the hearing or take photographs during the hearing.
7. The Court has the right to terminate the proceeding and reschedule the matter to a date where the parties are required to appear in person, if a remote proceeding is not acceptable.
8. The Judge has the same authority to control the proceeding and the participants as if the hearing was occurring in-person in the Court room.
9. **The name of the person participating in the hearing should be set up in Zoom so that the Court knows who is present for the Zoom hearing.**
10. Prior to the hearing, each law firm should email Valerie Clark at valeriec@cassco.org and notify her of the name of the attorney(s) appearing at the Zoom hearing on behalf of the firm.

**Technical Responsibilities of Participants**

1. The Court does not provide technical assistance.
2. Test your device and network before the scheduled hearing because the Court does not provide time during the hearing to troubleshoot technical problems. Directions to test your speaker/microphone and video can be found at: https://support.zoom.us/hc/en-us/articles/201362283-Testing-computer-or-device-audio and https://support.zoom.us/hc/en-us/articles/201362313-How-Do-I-Test-My-Video-.
3. If you have technical problems with your equipment or want more information about Zoom, review their training and support materials at their website: https://zoom.us.

4. Remote participants should use a good LAN, Wi-Fi, or substantial LTE connection to ensure a quality call. **Note**: Use of a mobile device may incur cellular carrier charges which are the responsibility of the remote participant.

## To Connect to the Remote Hearing Room
## (Zoom Meeting ID: 988 0614 1545, Password: (911481)

If using a <u>Windows-based desktop or laptop</u>: Go to the Zoom Website at: https://zoom.us. Click on "Join a Meeting" in the upper right corner. Enter Meeting ID and click on the blue "Join" button and then enter the Password above.

If using an <u>Apple or Android tablet or phone</u>: Install the Zoom App from the Apple or Android Store prior to the hearing. On the day and time of the hearing, open the Zoom app and join using the Meeting ID and Password above.

If you do not have a computer, smartphone, or tablet, you can call into the meeting using a <u>telephone</u>. To call into the hearing: Call (646)876-9923 or (669)900-6833 and join using the Meeting ID and Password.

\* Once you are connected to the Zoom Meeting Room, you may be placed in a Waiting Room. Please remain available through the Waiting Room until your case is called. Once your case is ready to be called, you will be admitted into the Zoom Meeting Room. This assures the parties in the prior hearing privacy.

2

Approved, SCAO

JIS CODE: POM

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>43rd JUDICIAL CIRCUIT<br>CASS COUNTY PROBATE | PROOF OF MAILING | CASE NO.<br>21-020-CD-S<br>Honorable Susan L. Dobrich |
|---|---|---|

**Court address**  
Law & Courts Building, 60296 M-62, Cassopolis, MI 49031

**Court telephone no.**  
(269) 445-4452

| Plaintiff(s)<br>GREGORY NELSON | v | Defendant(s)<br>CE POWER OF CINCINNATI OH et al<br>4040 REV DRIVE<br>CINCINNATI, OH 45232 |
|---|---|---|

☐ Juvenile   In the matter of _____
☐ Probate    In the matter of _____

On the date below I sent by first-class mail a copy of   Notice of Hearing with Remote Participation and Zoom Instructions

to: List names and addresses.

Jeffrey S. Burg (P38381)
Law Offices Jeffrey S. Burg Esq
16294 W 14 Mile Rd., Ste 24
Beverly Hills, MI 48025-3327
(248) 227-5027
jburg@comcast.net
Attorney for Plaintiff

Richard Warren (P63123)
Miller Canfield Paddock & Stone P.L.C.
150 W. Jefferson Ave., Ste. 2500
Detroit, MI 48226
(313) 963-5420
Warren@millercanfield.com
Attorney for Defendant 1

Barbara A. Moore (P83123)
277 S. Rose Street, Suite 5000
Kalamazoo, MI 49007
(269) 381-7030
Mooreb@millercanfield.com
Attorney for Defendant 1

AEP Corporate Headquarters
1 River Plaza
Columbus, OH 43215-2372
Pro Per

I declare that the statements above are true to the best of my information, knowledge, and belief.

3-31-2021
Date

*Valerie Clark*
Signature
Valerie Clark
Name (type or print)

MC 302 (3/08)  **PROOF OF MAILING**

MCR 2.107(C)(3), (D)